# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LINKSTON LIONS,

    *Petitioner*,

vs.

RENEE BAKER, et al.,

    *Respondents*.

3:13-cv-00321-RCJ-WGC

ORDER

    This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss (ECF #19). Petitioner opposed the motion (ECF #25), and respondents replied (ECF #26).

**I. Procedural History and Background**

    A jury found petitioner guilty of robbery with the use of a deadly weapon, grand larceny auto, battery with the use of a deadly weapon, and battery by strangulation (exhibit 35 to motion to dismiss).[1] At sentencing, the State struck the conviction for battery by strangulation. Exh. 42 at 4. The state district court sentenced petitioner as follows: count 2 - robbery with the use of a deadly weapon - 48 to 120 months, with a consecutive 48 to 120 months for the deadly weapon enhancement; count 3 - grand larceny auto - 24 to 60 months to run concurrent to count 2; count 4 - battery with the use of a deadly weapon - 12 to 120 months consecutive to count 2. *Id*. at 8. Judgment of conviction was entered on February 23, 2011. Exh. 43.

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF #19) and may be found at ECF #s 20-23.

Petitioner appealed, and the Nevada Supreme Court affirmed his convictions on November 18, 2011. Exh. 59. Remittitur issued on December 15, 2011. Exh. 61.

Petitioner filed a *pro se* postconviction habeas corpus petition and a motion for appointment of counsel with the state district court. Exhs. 68, 70. The state district court denied the petition, the Nevada Supreme Court affirmed the denial of the petition on April 10, 2013, and remittitur issued on May 9, 2013. Exhs. 74, 82, 84.

Petitioner dispatched his federal habeas petition on June 11, 2013 (ECF #10). Respondents now move to partially dismiss the petition on the basis that several grounds are procedurally barred and/or not cognizable in federal habeas proceedings (ECF #19, pp. 5-7).

**II. Legal Standards & Analysis**

   **A. Procedural Bar**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

-2-

Respondents argue that grounds 4, 5, 6, 7 and 9 are procedurally defaulted.

In ground 4, petitioner alleges that Nevada's robbery statute is void for vagueness and thus its application to him violates his Fifth and Fourteenth Amendment due process rights (ECF #10, pp. 31-34). In ground 5, petitioner claims that NRS 193.165 is silent and ambiguous as to how it is to be applied and violates his Fifth Amendment protection from self-incrimination and his Fifth and Fourteenth Amendment due process rights. *Id*. at 36-46. In ground 6, petitioner claims that the Nevada statutes he was arrested under do not "contain the required enacting clause," and therefore, his federal and state constitutional rights were violated. *Id*. at 47-54. Petitioner argues in ground 7 that the state district court erred in admitting evidence that he attempted to use stolen credit cards without first conducting a hearing to consider the admissibility of the evidence and to consider a limiting instruction to the jury regarding consideration of that evidence. *Id.* at 56-58. And in ground 9, petitioner argues that juror misconduct–one juror witnessed another juror talking on her cellphone about the trial during a recess–violated his Fourteenth Amendment due process rights. *Id*. at 62-63.

Respondents point out that petitioner raised these five claims for the first time in his state postconviction petition and that the Nevada Supreme Court clearly and expressly invoked NRS 34.810 to affirm the denial of the claims because they were reasonably available to be raised on direct appeal and petitioner failed to demonstrate good cause for his failure to do so (ECF #19, p. 5; Exh. 70, Exh. 82 at 8). Respondents contend that this state-law ground is an independent and adequate state law basis that bars these claims from review in this federal habeas proceeding (ECF #19, p. 5).

Under Nevada law, the court shall dismiss a state postconviction petition if petitioner was convicted pursuant to a jury trial and the claim could have been raised in a direct appeal. Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. NRS 34.810(1) (b)(2). Here, the Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the state habeas petition claims that correspond to grounds 4, 5, 6, 7, and 9 of the federal habeas petition. Exh. 82 at 8. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

In opposing the motion to dismiss, petitioner acknowledges that grounds 7 and 9 are procedurally defaulted (ECF #25, p. 3). He urges that if grounds 4, 5, and 6 are procedurally defaulted, this court should nevertheless consider these claims as plain error. *Id*. at 2. However, this argument is unavailing. This court if barred from reviewing these claims unless petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner makes no argument regarding cause and prejudice. Grounds 4, 5, and 6 challenge Nevada robbery and deadly weapon sentence enhancement statutes as unconstitutionally vague, ambiguous and/or lacking a requisite enacting clause (ECF # 10, pp. 31-54). To the extent that petitioner's plain error argument could be viewed as an argument that not considering these claims on their merits will result in a fundamental miscarriage of justice (ECF #25, p. 3), this court agrees with respondents that petitioner has not presented any allegations to show that new and reliable evidence demonstrates that no reasonable juror could have found petitioner guilty beyond a reasonable doubt (ECF #26, p. 2, citing *Schlup v. Delo*, 513 U.S. 298, 326-329 (1995) (acknowledging that the fundamental miscarriage of justice standard is based on factual innocence)).

Accordingly, this court finds that the Nevada Supreme Court's holding that the claims raised here as federal grounds 4, 5, 6, 7, and 9 were procedurally barred under NRS 34.810(1)(b)(2) was an independent and adequate ground for the court's dismissal of those grounds in the state postconviction petition. Thus, the court grants respondents' motion to dismiss grounds 4, 5, 6, 7, and 9 as procedurally barred.

### B. Federally Cognizable Claims

Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir.2004). "Federal habeas corpus relief does not lie for errors of state law . . . it is not the province of a federal habeas court to reexamine state court determinations of state law." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (quotations and internal citation omitted).

In federal ground 10, petitioner claims that the state district court erred in admitting evidence of his prior bad acts without conducting a hearing pursuant to *Petrocelli v. State*, 692 P.2d 503 (Nev.

1985) or giving a limiting instruction pursuant to *Tavares v. State*, 30 P.3d 1128 (Nev. 2001) in violation of his Fourteenth Amendment due process rights (ECF #10, pp. 65-66). Respondents contend that, to the extent that this ground asserts error under the two Nevada state cases, it is noncognizable in federal habeas proceedings.

Respondents' argument that a portion of ground 10 is subject to dismissal is meritless. They concede that a claim that the state court erred in admitting evidence of other bad acts–if the admission of the evidence so infected the trial with unfairness as to render the verdict a denial of due process–is a federally cognizable claim. The gravamen of ground 10 is clearly a federal constitutional claim and no separate state-law claim should be parsed out here. Accordingly, respondents' motion to dismiss is denied as to ground 10.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #19) is **GRANTED** in part as follows: grounds 4, 5, 6, 7, and 9 are **DISMISSED** as **PROCEDURALLY BARRED**.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF #19) is **DENIED** as to ground 10.

**IT IS FURTHER ORDERED** that petitioner's motion for status check (ECF #27) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the date of this order to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

Dated this 25th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE